UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Lorenzo Bernard Brown, | ) No. 8:19-cv-00210-TMC-JDA |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Patrick Michael Shanahan, *Acting Secretary of Defense*, | ) |
| Defendant. | ) |

Lorenzo Bernard Brown ("Plaintiff"), proceeding pro so, brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), alleging a claim for employment discrimination on the basis of his race. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., all pretrial proceedings in this case have been referred to the undersigned Magistrate Judge, who is authorized to review the Complaint and submit findings and recommendations to the District Court. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that this action be transferred to the appropriate judicial district wherein venue lies.

## BACKGROUND

Plaintiff commenced this action by filing a Complaint on January 24, 2019. [Doc. 1.] Plaintiff alleges that he was employed by Defendant at the Nile C. Kinnick High School ("High School") at the Yokosuka Naval Base in Japan. [*Id*. at 2.] The Court takes judicial notice that the High School is operated by the Department of Defense Education Activity

("DODEA").[1]  Plaintiff was promoted to principal at the High School in 2008, but was removed after an assistant principal made a complaint against him.  [*Id*. at 3–4, 5.]  Plaintiff now sues Defendant under Title VII, claiming that the DODEA discriminated against him on the basis of retaliation and race.  [*Id*. at 3.]  According to Plaintiff, he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against the DODEA at case number PE-FY12-016 on January 17, 2012.  [*Id*.]  Plaintiff claims he was placed on a "PIP," placed on administrative leave, issued a letter of reprimand, subjected to harassment, and eventually involuntarily reassigned to another school.  [*Id*.]  He also claims that he was denied the opportunity to see materials related to the investigation resulting from the complaint filed against him by an assistant principal.  [*Id*. at 3–4.]  Plaintiff claims the events giving rise to his claims all occurred from October 2011 through May 2012, and that "other acts were ongoing from the time of the PIP through [his] removal as principal."  [*Id*. at 4.]  Plaintiff identifies his race as African American.  [*Id*.]

## APPLICABLE LAW

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint.  The Court is required to liberally construe the pro se pleadings, and Plaintiff's allegations are assumed to be true.  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)*; Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even under this less stringent standard, however, the

---

[1]*See* https://www.dodea.edu/KinnickHS/about.cfm (last visited March 28, 2019).

Complaint is still subject to summary dismissal. *Id.* at 520–21.  The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  The Court may not construct Plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should the Court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Further, federal district courts are vested with the inherent power to control and protect the administration of court proceedings. *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986).  As such, the court has the power to consider sua sponte whether venue is proper. *Harmon v. Sussex Cty.*, No. 4:17-cv-2931-RBH-TER, 2017 WL 6506396, at *1 (D.S.C. Nov. 13, 2017), *Report and Recommendation adopted by* 2017 WL 6498165 (D.S.C. Dec. 19, 2017) (citing *Jensen v. Klayman*, 115 F. App'x 634, 635–36 (4th Cir. 2004).

## **DISCUSSION**

The undersigned finds that venue is improper in this judicial district and that this case should therefore be transferred to the United States District Court for the Eastern District of Virginia.  This is so because a case filed in an improper venue must be dismissed, or, if it is in the interest of justice, transferred to a district in which it could have been brought.  28 U.S.C. § 1406(a).

Venue in civil actions is generally governed by 28 U.S.C. § 1391.  More specifically, in a civil action against an employee of the United States acting in his official capacity, venue is determined under 28 U.S.C. § 1391(e), "except as otherwise provided by law." 28 U.S.C. § 1391(e)(1).   As relevant to this case, Title VII includes a specific venue provision establishing the appropriate venue for all Title VII causes of action—42 U.S.C. § 2000e-5(f)(3).  *See Hayes v. Paschall Truck Lines, Inc.*, No. 3:09-cv-1869-JFA-JRM, 2010 WL 2757227, at *1–3 (D.S.C. 2010).  Title VII's venue provision states, in relevant part, that an action may be brought:

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Based on the allegations in Plaintiff's Complaint, venue is improper in the District of South Carolina because this judicial district does not satisfy any of the venue requirements listed in § 2000e-5(f)(3).  According to the Complaint, the alleged unlawful employment actions committed by Defendant all occurred in Japan, and none of the actions about which Plaintiff complains occurred in South Carolina.  [*See generally* Doc. 1.]  Further, Plaintiff currently lives and works in Iwakuni, Japan, and has lived and worked in Japan for twenty years.[2]  [*Id*. at 1; Doc. 12 at 2.]  Likewise, the principal office for the sole Defendant named

---

[2]The Court issued special interrogatories to Plaintiff on February 7, 2019, apprising Plaintiff of the venue requirements under 42 U.S.C. § 2000e–5(f)(3), and directing Plaintiff

in this case, Patrick Michael Shanahan, the Acting Secretary of Defense, is the Pentagon. Further, there is nothing in the Complaint that suggests that any employment or any other records related to this action are located in South Carolina.  In sum, Plaintiff does not allege any facts to support that venue is proper in the District of South Carolina.  Therefore, venue is not proper in this judicial district under the Title VII venue provision.  *See Buesgens v. Coates*, 435 F. Supp. 2d 1, 3 (D.D.C. 2006) ("If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e–5(f)(3), venue is improper.").

Instead, venue is properly laid in the Eastern District of Virginia.  "Because this action cannot be filed in Japan, venue cannot be based on the first or third criteria listed in Section 2000e–5(f)(3)," as the alleged discrimination occurred in Japan and Plaintiff would have continued to work in Japan but for the discriminatory actions.  *Collins v. Hagel*, No. 1:13-cv-2051-WSD, 2015 WL 5691076, at *2 (N.D. Ga. Sept. 28, 2015).  As such, the proper venue for this action would be the judicial district in which Plaintiff's employment records are maintained and administered or in which Defendant has his principal office,

---

to explain why venue is proper in this judicial district.  [Doc. 5-2.] In response, Plaintiff explained:

> I live and work in Iwakuni, Japan[,] but I am still a resident of South Carolina.  I was born in Hartsville and attended school in Loris.  I taught school in Greenwood from 1988–1994.  I then accepted a job as a teacher in Wiesbaden, Germany[,] where I worked for DODEA.  I was promoted in 1999 and began my career as an administrator in Japan.  I have lived in Japan for the past 20 years.  I have two daughters who graduated as in-state residents of the University of South Carolina.  My son was just recently accepted into the Midlands Tech at USC.

[Doc. 12 at 2.]  Plaintiff further explains that he is a "tax paying resident of SC." [*Id*. at 3.]

5

under the second or fourth criteria of the statute. It is unclear from the Complaint where Plaintiff's employment records are kept, but, to the extent they are not kept in Japan, they would likely be maintained at the DODEA's office, which is located in Arlington, Virginia. *See Marron v. Rumsfeld*, No. C-04-0330-JL, 2004 WL 1376522, at *1 (N.D. Cal. June 16, 2004) ("The [DODEA's] principal office is in Arlington, Virginia. None of the four potential judicial districts are in California. There is no basis for bringing a lawsuit in the Northern District of California for a Title VII claim arising in Japan. The only proper venue for this lawsuit under 42 U.S.C. § 2000e-5(f)(3) is the Eastern District of Virginia, where the [DODEA] has its principal office.") Further, Defendant's principal office is in the Pentagon, which is located in Arlington, Virginia, for venue purposes. *See Worthy v. Aspin*, No. 93-cv-1324, 1994 WL 121430, at *2 (W.D. Pa. Feb. 3, 1994) (explaining that the Secretary of Defense's principal office is the Pentagon, which is located in Arlington, Virginia, for venue purposes). Accordingly, venue for Plaintiff's Title VII claim is properly laid in the Eastern District of Virginia. *Id.*; *see also Webster v. Mattis*, 279 F. Supp. 3d 14, 19 (D.D.C. 2017) (holding that the Eastern District of Virginia is the proper venue for Title VII claims against the Secretary of Defense); *Spencer v. Rumsfeld*, 209 F. Supp. 2d 15, 18 (D.D.C. 2002) (explaining venue for Title VII claims was proper in Eastern District of Virginia and not District of Columbia, and noting the principal offices of the defendant, the Secretary of Defense, were in Arlington, Virginia, even though he maintained an office in the District of Columbia); *Williams v. Rumsfeld*, No. 4:06-cv-822, 2006 WL 2934051, at *3 (N.D. Ohio Oct. 12, 2006) (transferring Title VII case because "the proper venue in this case is the place where the Secretary of Defense has his principle office, namely the Eastern District of Virginia in Alexandria, Virginia").

"When a plaintiff files an action in the wrong venue, 28 U.S.C. § 1406(a) directs courts to 'dismiss, or if it be in the interest of justice, transfer such case' to the proper venue." *Levi v. Harris Teeter, LLC*, No. 4:16-cv-1083-RBH-TER, 2016 WL 4942057, at *2 (D.S.C. Aug. 25, 2016), *Report and Recommendation adopted by* 2016 WL 4911047 (D.S.C. Sept. 15, 2016).  The choice to transfer or dismiss a case afforded by 28 U.S.C. § 1406 lies within the sound discretion of the district court.  *See Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005).  A court may raise the issue of defective venue sua sponte. *Morris v. Randolph Cty. Bd. of Educ.*, No. 17-cv-00258-B, 2017 WL 3587317, at *2 (S.D. Ala. June 19, 2017) (citing *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction")), *Report and Recommendation adopted by* 2017 WL 3585338 (S.D. Ala. Aug. 18, 2017).  And, a court "can consider, *sua sponte*, the possibility of transfer pursuant to 28 U.S.C. § 1406(a), notwithstanding the Court's lack of personal jurisdiction."  *Southard v. D'Amelio*, No. 3:03-cv-00505-W, 2006 WL 3453190, at *3 (W.D.N.C. Nov. 28, 2006) (citing *Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986); *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006) ("A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice."); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916 (5th Cir. 1987) ("Under the transfer statute, a district court may transfer a case upon a motion or *sua sponte*.")).

Here, the interest of justice dictates that, instead of dismissing this action, this Court should transfer it to the judicial district where venue is proper.  Specifically, the "interest of justice" requires "removing whatever obstacles may impede an expeditious and orderly

7

adjudication of cases and controversies on their merits." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962) (mandating a transfer in order to avoid forfeiture of the plaintiff's causes of action due to an expired statute of limitations). Courts have noted that it is in the interest of justice to transfer a case to a proper forum rather than dismiss a case where the statute of limitations might prevent a plaintiff from commencing a new suit in the proper forum. *See Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 430 n.7 (1965); *see also* 14D Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 3827 n.33 (4th ed. 2018) (collecting cases). "[I]n determining whether a Title VII claim should be dismissed or transferred, the court should consider the limitations period for Title VII claims and transfer the case if it would be in the interest of justice." *Neal v. Cigniti Techs., Inc.*, No. 0:18-cv-00262-JMC, 2018 WL 5719995, at *2 (D.S.C. Nov. 1, 2018). Under Title VII, a plaintiff must file an action with the district court within ninety days after the EEOC provides a right to sue notice to a plaintiff. 42 U.S.C. § 2000e-5(f)(1).

Plaintiff alleges that he received a right to sue notice from the EEOC with respect to his charge of discrimination on October 28, 2018, and timely filed this action within ninety days.[3]  [Doc. 1 at 5.]  The Court makes no determination at this time regarding the timeliness of Plaintiff's action. Nevertheless, if this action is dismissed, Plaintiff's claims

---

[3]The Court notes that Plaintiff filed this Complaint on January 24, 2019, which was within 90 days of the date Plaintiff alleges he received the right to sue notice on October 28, 2018. However, the Court notes that the right to sue notice, attached to Plaintiff's Complaint, is dated August 24, 2018, and provides that, "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." [Doc. 1-7 at 3.] In response to this Court's special interrogatories regarding the timeliness of the Complaint, Plaintiff explained, "It takes more than five days for mail to get to Japan. . . . It has taken me as many as 15 days to receive mail from the [U.S.]" [Doc. 12 at 2.]

would likely be barred from refiling as outside the limitations period. Therefore, transfer, rather than dismissal, is the appropriate remedy.

Accordingly, the Court finds that venue of this action is improper in this judicial district and that a transfer of this action to the United States District Court for the Eastern District of Virginia is proper and would serve the interest of justice.

## RECOMMENDATION

Wherefore, based on the foregoing, the undersigned recommends that this action be transferred to the United States District Court for the Eastern District of Virginia. Because the undersigned raised the issue of venue sua sponte, Plaintiff is entitled to an opportunity to be heard on the issue before the court renders a final decision. *See Feller*, 802 F.2d at 729 n.7. Plaintiff's opportunity to file timely objections to this Report and Recommendation is considered Plaintiff's opportunity to be heard under *Feller*. *See Yates v. Overholt*, No. 4:18-cv-00180-DCC-KDW, 2019 WL 653967, at *3 (D.S.C. Jan. 9, 2019), *Report and Recommendation adopted by* 2019 WL 652324 (D.S.C. Feb. 14, 2019); *Harmon*, 2017 WL 6506396, at *2 n.1.

**IT IS SO RECOMMENDED**.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

March 29, 2019
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).